IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:11-cv-00106-RLV-DSC

| | |
|---|---|
| TERESA LAWLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) MEMORANDUM AND ORDER |
| | ) |
| LIBERTY MUTUAL GROUP, | ) |
| INC., and LIBERTY MUTUAL | ) |
| INSURANCE CO., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**THIS MATTER** is before the Court on Defendants Liberty Mutual Group Inc.'s ("LMGI") and Liberty Mutual Insurance Co.'s ("LMIC") Motion to Dismiss and the accompanying Memorandum in Support (Doc. 18), filed October 31, 2011; Plaintiff Teresa Lawley's Response in Opposition to the Motion to Dismiss (Doc. 21), filed November 18, 2011; and Defendants' Reply to the Response Motion (Doc. 24), filed December 15, 2011. This matter is ripe for disposition.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This action arises from Defendants Liberty Mutual Group Inc.'s and Liberty Mutual Insurance Co.'s denial of Plaintiff Lawley's disability benefits on March 28, 2003. Prior to Plaintiff becoming disabled, she was insured by Defendants under a Group Disability Income Policy ("Policy") issued by Liberty Life Assurance Company of Boston to Plaintiff's employer, the University of North Carolina. (Doc. 12 at 1.) This policy funds the University's long-term disability plan for employees and provides that during the time Plaintiff is disabled she will

receive two-thirds of her basic monthly earnings, not to exceed $10,000. (Doc. 12 at 1; Doc. 12-1 at 4.) This award is offset or reduced by any Social Security Disability benefits Plaintiff receives as a result of this disability. (Doc. 12 at 2.)

Plaintiff became disabled in 2001 and began receiving Social Security Disability benefits in 2002. (Doc. 12 at 2.) During this time, Plaintiff also collected disability benefits under the Policy. On March 5, 2003, Defendants allegedly sent Dr. Henegar a copy of Plaintiff's functional capacity evaluation ("FCE") results for review. (Doc. 12 at 4–5.) Dr. Henegar reports never having received a copy of the FCE results. (Doc. 12 at 4–5.) Because Dr. Henegar did not dispute the FCE results, Defendants determined that Plaintiff was no longer disabled and denied Plaintiff's disability claim on March 28, 2003. Defendants have made no monthly disability payments to Plaintiff since April 2003. (Doc. 12 at 2.)

In light of Defendants' refusal to pay, Plaintiff commenced the present action in Watauga County, North Carolina Superior Court, on June 27, 2011. Plaintiff's Complaint contains five causes of action, including claims based on breach of contract, breach of fiduciary duty, constructive fraud, unfair and deceptive trade practices, and punitive damages. Defendants removed Plaintiff's action to the Western District of North Carolina on the basis of diversity jurisdiction on July 29, 2011. Defendants now move for summary judgment on all counts of Plaintiff's Complaint.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief can be granted. A Rule 12(b)(6) motion tests both the legal and factual sufficiency of a complaint. *MAGEBA Textilmaschinen GmbH & Co. KG v.*

*Archibald*, No. 3:12-126, 2012 WL 2568075, at *1 (W.D.N.C. July 2, 2012). Therefore, a dismissal may be based on the lack of a cognizable legal theory or the absence of sufficient factual allegations in the complaint. Importantly, a Rule 12(b)(6) motion "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999) (citation omitted). The Court must instead determine whether, as a matter of law, the allegations of the complaint are sufficient to state a claim upon which relief can be granted.

A complaint attacked by a Rule 12(b)(6) motion will survive if it contains "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Facial plausibility exists when the plaintiff pleads sufficient factual content which would allow the court reasonably to infer the defendant's liability. *Id.* Relief must be plausible, not merely conceivable. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, a plaintiff's pleading obligation is to provide more than conclusory statements in the complaint. *Id.* The Court must accept all factual allegations in the complaint as true and make all inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007); *Albright v. Oliver*, 510 U.S. 266, 268 (1994). Legal conclusions, however, are not entitled to the same assumption of truth. *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *K.A. Holdings, Ltd. of N.Y. v. Chagaris*, No. 3:09-487, 2012 WL 1165333, at *5 (W.D.N.C. Feb. 27, 2012). Therefore, the plaintiff's factual allegations must raise the right to relief above the speculative level.

### III. ANALYSIS

A. Breach-of-Contract Claim

Defendants' first contention is that Plaintiff's breach-of-contract claim is barred by the

3

statute of limitations and, in the alternative, is insufficiently pleaded. To address these issues, the Court must first decide whether the insurance policy constitutes an indivisible contract or an installment contract for the purpose of determining when the applicable statute of limitations began to run. Under North Carolina law, the statute of limitations for a breach-of-contract claim is three years. *Lanier v. State Farm Fire & Cas. Co.*, No. 5:07-129, 2009 WL 926914, at *2 (W.D.N.C. Mar. 30, 2009). Defendants assert, and the parties agree, that Plaintiff's breach-of-contract claim is subject to this three-year statute of limitations. This limitations period typically begins to run upon the inception of the loss from the contract. *Id.*; *see Harrold v. Dowd*, 561 S.E.2d 914, 918 (N.C. Ct. App. 2002) (holding that the statute of limitations for a breach of contract claim begins to run on the date the promise is broken). However, for installment contracts, the statute of limitations runs from the time each individual installment becomes due. *Finova Capital Corp. v. Beach Pharmacy II, Ltd.*, 623 S.E.2d 289, 292 (N.C. Ct. App. 2005).

Defendants argue that the alleged breach occurred, if at all, on March 28, 2003, when Defendants denied Plaintiff's disability claim. Under this theory, Defendants' failure to continue payment each month would not amount to a separate, distinct, and ongoing breach of the contract but would instead be based upon the ill effects of the original violation of the contract. Assuming *arguendo* that Defendants' contention is correct, the statute-of-limitations period expired on March 28, 2006. Since Plaintiff did not file her Complaint until October of 2011, the breach-of-contract claim would be time barred under this analysis.

In contrast, Plaintiff argues that the insurance policy is an installment contract, meaning that the statute of limitations runs only against each installment individually. Plaintiff asserts that each monthly failure to pay disability benefits by Defendants constitutes a separate and

4

distinguishable breach-of-contract claim. Thus, assuming *arguendo* that Plaintiff's theory is correct, Plaintiff's breach-of-contract claim should not be dismissed as to any monthly payments due after June 27, 2008.

The Court finds Plaintiff's argument regarding installment contracts unconvincing and holds that Plaintiff's breach-of-contract claim is time barred. The "inception of the loss" in the present case occurred when Defendants denied Plaintiff's disability claim on March 28, 2003. Each subsequent monthly refusal to pay by Defendants does not constitute a distinct and separate harm or unlawful act, but rather represents "continual ill effects from an original violation." *Williams v. Blue Cross Blue Shield*, 581 S.E.2d 415, 423 (N.C. 2003); *Nat'l Adver. Co. v. City of Raleigh*, 947 F.2d 1158, 1166 (4th Cir. 1991); *Ocean Acres Ltd. v. Dare County Bd. of Health*, 707 F.2d 103, 106 (4th Cir. 1983). In *Pembee Mfg. Corp. v. Cape Fear Constr. Co.*, 329 S.E.2d 350 (N.C. 1985), the North Carolina Supreme Court stated that once injury becomes apparent, the statute-of-limitations period begins to run. In contract and insurance cases, the "injury" is any breach of the contract or non-payment. The possibility of further damage does not constitute a new violation but is rather an aggravation of the original harm. The Court is not aware of any previous North Carolina holdings where a disability insurance policy is treated as an installment contract with each payment representing a separate and independent breach.

This decision is supported by analogous holdings from several districts. In *Harvey v. Merrill Lynch Life Ins. Co.*, No. 3:11-73, 2012 WL 1155711 (W.D. Va. Apr. 5, 2012), the court held that an agreement requiring an employer to pay a monthly $100 automobile allowance to the employee was not an installment contract. The court found there was nothing new or distinct about the alleged monthly breaches that would cause each monthly breach to be a separate

5

unlawful act. *Id.* at *7. According to the decision, "each monthly failure to make an installment payment did not constitute a new breach. Instead, each successive failure to make an installment payment was merely a continuation of the breach that occurred [originally]." *Id.* Similarly, in *Donovan v. State Farm Fire & Cas. Co.*, 574 So. 2d 285, 286 (Fla. Dist. Ct. App. 1991), the Second District Court of Appeals in Florida held "with regard to insurance contracts, a specific refusal to pay a claim is the breach which triggers the cause of action and begins the statute of limitations running." In making this determination, the Florida court reasoned that the written notification received by Donovan terminating all future payments was a total and material breach of the contract. Not only did the letter breach State Farm's present duties, but it was, in essence, an anticipatory repudiation of all future payments. As soon as a party acquires a right to sue, the statute-of-limitations period is triggered. *Id.*

Furthermore, federal courts of appeals in the Ninth, Tenth, and Eleventh Circuits have refused to treat a disability insurance policy as an installment contract for purposes of the statute of limitations. *See Wetzel v. Lou Ehlers Cadillac Group Long Term Disability Ins. Program*, 222 F.3d 643, 649 (9th Cir. 2000) (en banc); *Lang v. Aetna Life Ins. Co.*, 196 F.3d 1102, 1105 (10th Cir. 1999); *Dinerstein v. Paul Revere Life Ins. Co.*, 173 F.3d 826, 828–29 (11th Cir. 1999) ("In an insurance contract the statute of limitations begins to run when the contract is breached, and a breach occurs when an insurer first refuses to pay the claim at issue."). These courts declined to adopt a continuing violation theory for disability insurance contracts because the result "would undermine the overriding purpose of a statute of limitation." *Lang*, 196 F.3d at 1105. Transforming insurance contracts into installment contracts would enable a plaintiff to "trigger the statute of limitations at his own discretion, creating an indefinite limitations period." *Miller v.*

*Fortis*, 475 F.3d 516, 522 (3rd Cir. 2008). Inviting such a result is unreasonable.

The Sixth Circuit, however, espouses the contrary viewpoint that disability insurance contracts are installment contracts subject to independent breaches. In *Everhart v. State Life Ins. Co.*, 154 F.2d 347, 356 (6th Cir. 1946) (applying Ohio law), the Sixth Circuit determined that bringing an action at the outset of an installment contract's breach would not cover the anticipatory breaches of future installments. The court determined that the contract had not been "abandoned" or repudiated sufficiently to apply to all future installments. However, the Sixth Circuit never addressed *why* an insurance contract constituted an installment contract other than to suggest that all contracts requiring more than one payment are installment contracts.

This Court finds the reasoning of the Sixth Circuit, as applied to North Carolina law, unconvincing and is persuaded by the decisions of the Ninth, Tenth, and Eleventh Circuits. To automatically construe every contract that requires more than one payment as an installment contract, as suggested by the Sixth Circuit, is unpersuasive and could lead to unjustifiable triggering of the statute of limitations at will. The Court thus disagrees with the position that multiple contractual payments automatically create an installment contract. Therefore, because this Court finds that Plaintiff's insurance agreement is not an installment contract and the filing of Plaintiff's claim occurred outside the three-year statute-of-limitations period, Plaintiff's breach-of-contract claim is time barred and will be dismissed.

B.  Breach-of-Fiduciary-Duty Claim

Defendants next argue that Plaintiff fails to plead sufficient facts to support a claim for breach of fiduciary duty and that even if Plaintiff had pleaded adequate factual allegations, Plaintiff's claim is time barred. Because this Court holds that Plaintiff's claim is time barred, we

7

find no reason to evaluate the factual sufficiency of Plaintiff's Complaint. In North Carolina, breach-of-fiduciary-duty obligations that are contractual in nature are subject to a three-year statute-of-limitations period. *Tyson v. N.C. Nat'l Bank*, 286 S.E.2d 561, 565 (N.C. 1982). Defendants argue that Plaintiff's claim for breach of fiduciary duty therefore expired in 2006. Plaintiff, conversely, alleges that the insurance contract is an installment contract and that the breach-of-fiduciary-duty claim is not time barred for all violations after June 2008. Given that this Court has determined the insurance contract is not an installment contract, Plaintiff's breach-of-fiduciary-duty claim expired in 2006.

However, Plaintiff further contends that its breach-of-fiduciary-duty claim should be subject to a ten-year statute-of-limitations period instead of a three-year statute-of-limitations period because the breach rises to the level of constructive fraud. *See* N.C. Gen. Stat. § 1-56; *Drinkard v. Walnut Street Sec., Inc.*, No. 3:09-66, 2009 WL 1322591, at *1–2 (W.D.N.C. May 11, 2009); *NationsBank of N.C., N.A. v. Parker*, 535 S.E.2d 597, 602 (N.C. Ct. App. 2000). In the event that a breach-of-fiduciary-duty claim "survives the statute of limitations inquiry, [it] must be seen as part of [the plaintiff's next] cause of action for constructive fraud." *Id.* at *2 n.3. However, as discussed below, the Court finds that Plaintiff's claim for constructive fraud does not satisfy Rule 9(b) pleading requirements, and therefore applying a ten-year statute-of-limitations period would be improper. This Court concludes that Plaintiff's claim is subject to the three-year statute-of-limitations period and is appropriately time barred.

C. Constructive-Fraud Claim

Defendants contend that Plaintiff fails sufficiently to plead factual allegations relating to her claim for constructive fraud that satisfy the particularity requirement of Rule 9(b) of the

Federal Rules of Civil Procedure. Rule 9(b) requires a party alleging any type of fraud to state "with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Constructive fraud is based on a confidential relationship, and although constructive fraud claims must comply with Rule 9(b), the pleading standard is less exacting than with actual fraud claims since there is no misrepresentation requirement. *Watts v. Cumberland County Hosp. Sys.*, 343 S.E.2d 879, 883–84 (N.C. 1986); *Terry v. Terry*, 273 S.E.2d 674, 678–79 (N.C. 1981). To survive a motion to dismiss on a claim for constructive fraud in North Carolina, the plaintiff must sufficiently allege "(1) a relationship of trust and confidence; (2) that the defendant took advantage of that position of trust and confidence in order to benefit himself; and (3) that the plaintiff was, as a result, injured." *White v. Consol. Planning, Inc.*, 603 S.E.2d 147, 156 (N.C. Ct. App. 2004); *accord Sullivan v. Mebane Packaging Group Inc.*, 581 S.E.2d 452, 462 (N.C. Ct. App. 2003). The plaintiff must state more than mere conclusory allegations and must describe the facts and circumstances surrounding each element of constructive fraud.

With regards to a confidential relationship, courts have blurred the boundary between merely possessing a relationship of trust and confidence, and having a fiduciary duty. The Middle District of North Carolina and the North Carolina Court of Appeals have used the two terms interchangeably when discussing constructive fraud. *See Sara Lee Corp. v. Quality Mfg. Inc.*, 201 F. Supp. 2d 608, 616 (M.D.N.C. 2002) ("Constructive fraud arises when one party to a confidential or fiduciary relationship abuses its position to the detriment of the other party."); *Kenner Lumber Co. v. Perry*, 560 S.E.2d 817, 823 (N.C. Ct. App. 2002) ("Put simply, a plaintiff [alleging constructive fraud] must show (1) the existence of a fiduciary duty, and (2) a breach of that duty."). A fiduciary relationship arises only when one party places "special confidence in

9

another person, to the extent that the party in whom such special confidence is placed is bound to act in the best interests of the party placing the confidence." *Bong Safeguard Ins. Co. v. LR Buffalo Creek, LLC*, No. 1:08-434, 2009 WL 2601211, at *12 (W.D.N.C. Aug. 21, 2009). Courts have been reluctant to define specifically a confidential relationship and often equate such relationships of trust and confidence with fiduciary relationships. *Terry*, 273 S.E.2d at 677–78. Because the Court finds that Plaintiff has not adequately pleaded a confidential or fiduciary relationship, the Court need not examine the second and third elements of constructive fraud.

In alleging a confidential or fiduciary relationship, Plaintiff pleads only that "[p]ursuant to the terms of the Policy, and the contract with Plaintiff's employer, Defendants were placed in a position of special faith, confidence, and trust with Plaintiff to honestly and properly administer the Policy and to act in good faith and in the best interests of Plaintiff in administering the terms of the Policy and disability benefits to Plaintiff." (Doc. 12 at 3.) Plaintiff fails to provide any language from the Policy which would support her contention that a confidential or fiduciary relationship existed, and neglects to reference the special confidence she placed in Defendants. Allegations that a fiduciary relationship existed or that a relationship of trust and confidence existed is a legal conclusion, which is not entitled to an assumption of truth on a motion to dismiss. *Bonham v. Wolf Creed Acad.*, 767 F. Supp. 2d 558, 567 (W.D.N.C. 2010); *Hunter v. Guardian Life Ins. Co. of Am.*, 593 S.E.2d 595, 599 (N.C. Ct. App. 2004). Plaintiff's legal assertion is unsupported by any factual allegations in the Complaint.

Moreover, under North Carolina law, parties to a contract do not automatically become each other's fiduciaries. *Bong Safeguard Ins.*, 2009 WL 2601211, at *12. If the only relationship that the plaintiff has with the defendant is by contract, then no special confidence or fiduciary

10

duty arises. *Id.* Certain limited exceptions to this rule exist; however, neither an insurance contract nor an employer–employee relationship qualifies as confidential without evidence of dominion or control. *Helms v. SellEthics Mktg. Group, Inc.*, No. 3:06-393, 2006 WL 3490365, at *4 (W.D.N.C. Dec. 1, 2006) ("Fiduciary relationships are generally not found in the employment context."); *Dalton v. Camp*, 548 S.E.2d 704, 708 (N.C. 2001). In this case, Plaintiff has not sufficiently alleged that Defendants owed her any duty other than the duty arising from the contractual relationship and has not pleaded that Defendants used any form of dominion or control. Even Plaintiff's allegation that the contract created a special relationship is insufficiently pleaded since no contractual language or factual circumstances are cited. Instead, Plaintiff relies on the requirement of good faith to create the necessary relationship. Although the requirement of good faith and fair dealing applies to all parties in an insurance contract, the duty is not sufficient to create an implied fiduciary relationship. *Moore v. Pilot Life Ins. Co.*, 86 F.2d 197, 199 (4th Cir. 1936). "[T]he general rule is that the relation between the parties to an executed contract of insurance is that of one contracting party to another contracting party rather than that of trustee and cestui que trust." *Id.* Plaintiff's conclusory allegations that a confidential or fiduciary relationship exists are not enough to withstand Defendants' Motion to Dismiss.

D. The Unfair and Deceptive Trade Practices Act

With regards to the fourth cause of action, Defendants assert that Plaintiff's claim for unfair and deceptive trade practices is time barred and insufficiently pleaded. Because the Court agrees with Defendants that Plaintiff's claim was filed after the expiration of the statute of limitations, the Court declines to examine further the sufficiency of Plaintiff's Complaint. In North Carolina, the statute of limitations for a claim under the Unfair Trade Practices in

Insurance Act is four years after the cause of action accrues. N.C. Gen. Stat. § 75-16.2. In cases based on fraudulent conduct or negligent misrepresentation, as alleged in the present case, the cause of action accrues when the fraud is discovered or should have been discovered. *Hinson v. United Fin. Serv., Inc.*, 473 S.E.2d 382, 387 (N.C. Ct. App. 1996). For insurance cases, the cause of action accrues when the insurer rejects coverage to the insured. *Piles v. Allstate Ins. Co.*, 653 S.E.2d 181, 186 (N.C. Ct. App. 2007).

In the present case, Plaintiff's insurance claim was denied on March 28, 2003. Plaintiff should have discovered the alleged fraud and misrepresentation at this point in time. Thus, the four year statute of limitations began running on March 28, 2003, and expired on March 28, 2007. Plaintiff's Complaint was not filed until 2011. Therefore, Plaintiff's claim for unfair trade practices is time barred.

E. Punitive Damages

Defendants' final contention is that Plaintiff cannot maintain an independent claim for punitive damages. Under North Carolina law, an independent claim for punitive damages cannot exist. *Mitchell v. Lydell, Inc.*, No. 93-1374, 1994 WL 38703, at *4 (4th Cir. Feb. 10, 1994). Punitive damages may only be awarded where there is a cause of action for which nominal damages are recoverable. *Shugar v. Guill*, 283 S.E.2d 507, 509 (N.C. 1981). Because the Court finds all of Plaintiff's nominal damage claims are time barred or insufficiently pleaded, Plaintiff's punitive damage claim is improper as a mater of law.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. 18) be

**GRANTED**. Plaintiff's Complaint is dismissed with prejudice as to Counts One (breach of contract), Two (breach of fiduciary duty), Three (constructive fraud), Four (unfair and deceptive trade practices), and Five (punitive damages).

Signed: September 28, 2012

Richard L. Voorhees
United States District Judge